UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br>    Plaintiff,<br>    v.<br>ALASKA AIRLINES, INC.,<br>    Defendant. | Case No. 25-cv-02841 NC<br><br>**ORDER TO SHOW CAUSE RE: FEDERAL SUBJECT MATTER JURISDICTION**<br><br>RE: ECF 1 |

In this civil case, Plaintiff Sergey Firsov seeks reimbursement of a $100 pet fee he paid to defendant Alaska Airlines in connection with a multi-leg international airplane trip he took in March 2025. ECF 1 (Complaint). The Alaska Airlines flight, from Los Angeles to San Jose, was the last leg of the trip. ECF 1. The Complaint asserts two causes of action: (1) "Montreal Convention"; and (2) breach of contract. Firsov pursues his case without an attorney.

In an earlier Order the Court denied Firsov's application to proceed without paying the Court filing fee. ECF 6. A further hearing on Firsov's fee waiver application is set for April 23, 2025, at 11:00 a.m. in San Jose courtroom number 5.

This Order discusses a second procedural hurdle for Firsov's case: federal subject matter jurisdiction. Federal law requires the Court to ensure it has subject matter jurisdiction before it hears the case, even if the parties do not raise the issue. Here, as explained further below, it does not appear that the allegations in the Complaint are currently sufficient to support the Court's federal subject matter jurisdiction. Firsov must

1  address this by filing a first amended complaint (or, if he believes the Court's analysis to
2  be incorrect, by filing supplemental briefing) by May 16, 2025.
3     "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins.
4  Co. of Am.*, 511 U.S. 375, 377 (1994).  A federal court has an independent duty to
5  determine whether it has subject matter jurisdiction over a case. *Arbaugh v. Y&H Corp.*,
6  546 U.S. 500, 514 (2006). The parties cannot waive or forfeit this requirement. *Id.* The
7  party bringing the case in federal court (here, Plaintiff Firsov) has the responsibility of
8  proving that there is subject matter jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117,
9  1121 (9th Cir. 2014).  If a federal court determines that it does not have subject matter
10 jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *Brooks v. Geico Ins.*, No.
11 23-cv-05085 RFL, 2023 WL 8852738, at *1 (N.D. Cal. Dec. 21, 2023).
12    There are two common ways to establish federal subject matter jurisdiction under
13 statute: (1) diversity jurisdiction, 28 U.S.C. § 1332, and (2) federal question jurisdiction,
14 28 U.S.C. § 1331. In this case, Firsov's Complaint indicates that subject matter jurisdiction
15 is satisfied by a federal question.  ECF 1.  "Federal district courts have original federal
16 question jurisdiction of actions 'arising under the Constitution, laws, or treaties of the
17 United States.'" *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1371 (9th Cir.)
18 (quoting 28 U.S.C. § 1331). Generally, under the "well-pleaded complaint rule," a claim
19 "arises under" federal law only if a federal question appears on the face of Plaintiff's
20 complaint. *See ARCO Environmental Remediation, L.L.C. v. Department of Health &*
21 *Environmental Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also*
22 *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The party who brings the suit is
23 master to decide what law he will rely upon"); *Franchise Tax Board v. Construction*
24 *Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27-28, (1983) ("federal
25 courts have jurisdiction to hear, originally or by removal, only those cases in which a well-
26 pleaded complaint establishes either that federal law creates the cause of action or that the
27 plaintiff's right to relief necessarily depends on resolution of a substantial question of
28 federal law").

The specific "federal question" that Firsov asserts is under the Montreal Convention, Article 1, Paragraph 3. ECF 1. The "Montreal Convention" is an international treaty also known as the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45 (2000), 1999 WL 33292734 (2000); *see Nankin v. Continental Airlines, Inc.*, No. 09-cv-7861 MMM (RZx), 2010 WL 342632, at *3 (C.D. Cal. Jan. 29, 2010). Article I, Paragraph 3 of the Montreal Convention provides that "This paragraph establishes that carriage to be performed by several successive carriers (i.e., inter-line operations), even if performed under multiple contracts (tickets or air waybills), is treated as undivided carriage if the carrier and the passenger or consignor considered it as such. Therefore, if in international carriage, even a segment performed exclusively within the same State would fall within the scope of the Convention." But what Firsov's complaint does not explain is how the failure to reimburse a $100 pet fee by Alaska Airlines violates the Montreal Convention. In his second claim, Firsov asserts that the Montreal Convention requires Alaska to "accept dog in cabin without any charge" but does not explain where the Montreal Convention creates this right and gives him a remedy for the alleged violation.

In conclusion, Plaintiff Firsov is ordered to file a first amended complaint or a writing explaining how federal subject matter is satisfied. The first amended complaint or written response to this Order must be filed by May 16, 2025. Firsov is cautioned that if he does not timely respond the Court will recommend the dismissal of his case. Firsov is guided to the free legal resources available for self-represented litigants at the Federal Pro Se Help Desk, telephone 408.297.1480.

**IT IS SO ORDERED.**

Dated: April 18, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

3